# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN H. HAZLETT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, *et al*.,<br><br>Defendants. | Case No. 1:17-cv-1026-LJO-BAM<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING ACTION WITHOUT LEAVE TO AMEND<br><br>FOURTEEN-DAY DEADLINE |

## **INTRODUCTION**

On August 1, 2017, Plaintiff John Hazlett ("Plaintiff"), appearing *pro se,* filed this civil action and paid the filing fee. Plaintiff's complaint is currently before the Court for screening.

## **BACKGROUND**

Plaintiff brings this action against the United States Department of Education, the County of Fresno, Assistant United States Attorney Andrea Pogue, "Collect Corporation," "Coast Professional," and the States of California, Idaho, Utah, and Arizona ("Defendants"). In two primary grievances, Plaintiff alleges that Defendants collectively failed to discharge his student loan debt obligation incurred over thirty-years ago. Plaintiff's Complaint, ("Compl.") Doc. 1.

Specifically, Plaintiff alleges that sometime before 1980, he borrowed $15,000 in student loans. Plaintiff subsequently paid $3,000 of his loan obligation but defaulted on the remainder. After defaulting, Assistant United States Attorney ("AUSA") Andrea Pogue, a federal prosecutor

1

in the District of Idaho, executed a judgment lien against Plaintiff on July 21, 1980. Compl. at pg. 2. Plaintiff was served with notice of the lien by publication in a local Boise, Idaho newspaper, however Plaintiff claims that he was not living in Idaho at the time and thus he did not receive proper notice. Compl. at pg. 2. Plaintiff alleges that this inadequate service by AUSA Pogue and the State of Idaho violated his due process rights.

In a second related grievance, Plaintiff complains that the United States Department of Education ("USDOE") wrongfully refused to discharge his student loan debt—despite his service in the military and as a full time teacher—and that collection agencies acting on behalf of the USDOE have harassed him. According to Plaintiff, Defendants' conduct with respect to his student loan debt has caused him pain and suffering.

## **SCREENING STANDARD**

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. Notwithstanding any filing fee, Plaintiff's complaint, or any portion thereof, is therefore subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65

2

(2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## **DISCUSSION**

### **A. The Court Should Dismiss Plaintiff's Complaint Because Venue is Improper**

An initial review of this action reveals that the Eastern District of California is not the proper venue because the events which gave rise to the entirety of Plaintiff's complaint happened in the District of Idaho. Venue may be raised by a court *sua sponte* where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Under 28 U.S.C. § 1391(b)(2), venue is proper in the judicial district in which a substantial part of the events occurred. Here, Plaintiff asserts that all of the events happened in Boise, Idaho which is located in the District of Idaho. Thus, the proper venue for this action, if any, is the District of Idaho.

Venue may also be proper in the judicial district in which any defendant resides, if all defendants are residents of the same state. 28 U.S.C. § 1391(a)(1). Here, Plaintiff lists the States of California, Idaho, Arizona, and Utah as defendants. Section 1391(a)(1) therefore provides no basis for venue here in the Eastern District of California.

Where venue is improper, the Court may transfer a case to a proper venue, rather than dismiss, "if it be in the interest of justice." 28 U.S.C. § 1406(a). Here, however, as discussed further below, Plaintiff's Complaint does not state a cognizable cause of action for violation of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983. The Court therefore finds that dismissal

3

rather than transfer to the District of Idaho is appropriate.

**B.     Plaintiff's Allegations Do Not State a Legal Claim**

Section 1983 authorizes a federal civil rights action against any "person" who acts under color of state law. 42 U.S.C. § 1983. "Persons" who may be sued under § 1983 do not include a state or its entities, or state employees acting in their official capacities. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L.Ed. 2d 45 (1989); *see also Kentucky v. Graham*, 473 U.S. 159, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (the Eleventh Amendment bars federal damages actions against a state and its entities).

To state a claim for relief under § 1983, a plaintiff must demonstrate two elements: (1) that the person "was acting under the color of state law at the time the acts complained of were committed," and (2) that the person "deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Tongol v. Usery*, 601 F.2d 1091, 1097 (9th Cir.1979).

**i.     Plaintiff's Claims Against Assistant United States Attorney Andrea Pogue**

To the extent Plaintiff seeks damages against AUSA Andrea Pogue for successfully prosecuting a judgment lien against him, his claims are legally frivolous. Prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. *See Kalina v. Fletcher*, 522 U.S. 118, 123–24 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269–70 (1993); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012) ("Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts.").

Based on Plaintiff's allegations, AUSA Andrea Pogue is absolutely immune from suit for her actions giving rise to Plaintiff's claim. Accordingly, Plaintiff's claim against Defendant Pogue should be dismissed.

**ii.     Plaintiff's Claims Against the States of California, Idaho, Arizona and Utah**

Additionally, to the extent Plaintiff seeks damages against individual states, his claims are again legally frivolous. The Eleventh Amendment erects a general bar against federal lawsuits brought against the State itself. *Wolfson v. Brammer*, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks omitted). And while "[t]he Eleventh Amendment does not bar suits

against a state official for prospective relief," *Wolfson*, 616 F.3d at 1065-66 (emphasis added), suits against the state or its agencies are barred absolutely, regardless of the form of relief sought, *e.g., Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L.Ed. 2d 67 (1984); *Buckwalter v. Nevada Bd. of Medical Examiners*, 678 F.3d 737, 740 n.1 (9th Cir. 2012); *see also Woods v. Dep't of Child & Family Servs.*, No. CV-14-94-BMM, 2015 U.S. Dist. LEXIS 76411, 2015 WL 3657609, at *2 (D. Mont. June 12, 2015) (finding the State of Montana's Department of Child and Family Services was entitled to Eleventh Amendment immunity and was not a "person" subject to suit under 42 U.S.C. § 1983) (*citing Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 267-68, 117 S. Ct. 2028, 138 L.Ed. 2d 438 (1997); *Wolfe v. Strankman*, 392 F.3d 358, 364 (9th Cir. 2004)).

Accordingly, Plaintiff may not proceed against the States of California, Idaho, Arizona and Utah in federal court.

### iii. Plaintiff's Claims Against the Department of Education and its Agents

In Plaintiff's second grievance he alleges that the USDOE, acting through its debt collectors "Collect Corporation" and "Coast Professional," harassed him. Claims under the Fair Debt Collection Practices Act may not be brought against "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." 15 U.S.C. 1692a(6)(C). This provision bars claims against the USDOE for the methods it uses to collect repayment of a student's loan. Therefore, as alleged, Plaintiff cannot bring his claim against the USDOE and its agents.

Moreover, the United States and its agencies are immune from suit, unless sovereign immunity has been waived. *Loeffler v. Frank*, 486 U.S. 549, 554, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988). Congress did not waive sovereign immunity by enacting the FDCPA. *See Ha v. Dep't of Educ.*, 680 F.Supp.2d 45, 47 (D.D.C. 2010).

Further, because the United States Department of Education is a federal agency, not a state actor, § 1983 does not apply to it. As a result, Defendants Collect Corporation and Coast Professional cannot be state actors by virtue of being agents of the Department of Education.

Accordingly, Plaintiff's claims against the Department of Education and its agents Collect

Corporation and Coast Professional should be dismissed.

    **iv.**    **Plaintiff's Claims Against the County of Fresno**

Finally, although named as a Defendant, nothing in the body of the Complaint contains any allegations of wrongful conduct by the County of Fresno. Indeed, the County of Fresno is not referred to at all in the body of the Complaint. Thus, the Complaint clearly fails to state facts sufficient to warrant the granting of relief in any form as against the County of Fresno. The only connection to the County of Fresno is that Plaintiff appears to reside in Fresno. That is insufficient to state a claim. Consequently, the Complaint should be dismissed as against the County of Fresno.

    **C.**    **Leave to Amend**

Based on the above, the Court recommends that this action be dismissed as frivolous and for failure to state a cognizable claim.

Although the Court typically grants a *pro se* plaintiff leave to amend his or her pleading, for the reasons stated above it does not appear that the above-described defects can be cured by more detailed factual allegations or revision of Plaintiff's claims. Significantly, Plaintiff's pleading does not allege a cognizable claim, because (1) based on the allegations, the United States Department of Education, United States Attorney Andrea Pogue, Collect Corporation., Coast Professional, and the States of California, Idaho, Utah, and Arizona are immune from suit; (2) Plaintiff fails to allege any conduct with respect to the County of Fresno; and (3) improper venue warrants dismissal pursuant to 28 U.S.C. § 1406(a). Courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." *Id*. Accordingly, the Court finds that amendment of the complaint would be futile and therefore recommends that this action be dismissed.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint, filed August 1, 2017, be DISMISSED without leave to amend for failure to state a claim;

2. This action be DISMISSED, without prejudice, for improper venue pursuant to 28 U.S.C. § 1406(a);
3. Plaintiff's pending Motion to Dismiss Judgment and Judgment Lien (Doc. 2), be DENIED as MOOT;
4. The Clerk of the Court is directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 21, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE